UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00009-GNS-HBB

SARA NOEMI ALFARO                                                                                           PLAINTIFF

v.

OUTBACK STEAKHOUSE OF FLORIDA, LLC                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment (DN 34) filed by Defendant Outback Steakhouse of Florida, LLC ("Outback") and Plaintiff's Motion for Leave to File Sur-Reply (DN 42). The motions are ripe for adjudication. For the reasons outlined below, the motions are **DENIED**.

### I.  STATEMENT OF FACTS AND CLAIMS

This case arises from a slip and fall at Outback's Bowling Green, Kentucky, restaurant on April 23, 2017. (Alfaro Dep. 22:2-6, July 13, 2018, DN 34-2). Plaintiff Sara Noemi Alfaro ("Alfaro") entered the restaurant accompanied by her husband, Andres Ortiz ("Ortiz"), and their friend, Anthony Hills ("Hills"). (Alfaro Dep. 22:2-8). An Outback employee was escorting the party to their table when Alfaro slipped and fell in the dining area, dislocating her elbow. (Ortiz Dep., 29:3-18, July 13, 2018, DN 34-3; Andrade Dep. 26:1-3, July 17, 2018, DN 35-1).

After Ortiz saw his wife fall, he felt the ground with his hand and detected a greasy or oily substance. (Ortiz Dep. 52:2-24). Hills recalls seeing Alfaro fall then witnessing Ortiz move his foot across the ground where his wife fell. Hills described what he saw on the floor where Ortiz moved his foot as "a film of—it could be grease, it could've been salad dressing, but you could see

the streak as he rubbed his foot across of—like there was some sort of substance there on the floor." (Hills Dep. 33:13-16, July 13, 2018, DN 34-4). Hills testified that he did not see anyone else slip and fall, nor did he notice anything on the floor before Alfaro's fall. (Hills Dep. 29:4-10).

Two Outback employees, Katie Beth Henson and Chris Dinges ("Dinges"), inspected the area after the fall and allegedly found no unsafe condition in the area. (Henson Dep. 23:21-25, July 17, 2018, DN 34-5; Andrade Dep. 32:9-20, July 17, 2018, DN 41-4). Kayla Andrade ("Andrade"), another Outback employee, testified that Dinges used a flashlight to inspect the floor, looking for evidence of something that may have caused the fall. (Andrade Dep. 32:9-18, DN 41-4). While Outback has not produced testimony from Dinges directly, Andrade testified that Dinges found nothing after conducting an inspection with the flashlight. (Andrade Dep. 32:19-20, DN 41-4).

## II. JURISDICTION

This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Both parties are residents of different states. (Notice Removal ¶¶ 3-4, DN 1). Additionally, Defendant believes Plaintiff has alleged damages that satisfy the monetary threshold. (Notice Removal ¶ 6). *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007).

## III. DISCUSSION

### A. Defendant's Motion for Summary Judgment (DN 34)

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as

a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

This action concerns premises liability, a subsection of general negligence law.[1] *See Colyer v. Speedway, LLC*, 981 F. Supp. 2d 634, 639 (E.D. Ky. 2013). Under Kentucky law, a negligence claim requires (1) a duty owed to the plaintiff; (2) a breach of that duty; and (3) a causal link between the breach and the harm to the plaintiff. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003). In the context of premises liability, proprietors owe a duty to invitees to exercise reasonable care to guard against dangerous conditions that the proprietor either knows

---

[1] In diversity actions, "federal courts apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 417 (1996). Therefore, the Court will apply Kentucky's substantive law.

about or could have discovered and of which the invitee could not reasonably have been aware. *Lanier v. Wal-Mart Stores*, Inc., 99 S.W.3d 431, 432-33 (Ky. 2003); *Smith v. Steak 'n Shake*, No. 3:14-CV-00642-TBR-LLK, 2016 WL 4180002, at *2 (W.D. Ky. Aug. 5, 2016).

Since 2003, Kentucky courts have applied a burden shifting analysis to slip and fall claims. *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003). Under this approach, an invitee may avoid summary judgment if:

> (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Id.* (citing *Lanier*, 99 S.W.3d at 435-36). If the invitee meets this threshold, then the burden shifts to the proprietor to demonstrate it was not negligent. *Id.*

Outback contends that Plaintiff's witnesses have offered insufficient testimony to establish the presence of a hazardous condition. (Def.'s Mem. Supp. Mot. Summ. J. 7-9, DN 34-1 [hereinafter Def.'s Mot.]). Specifically, Outback argues that Plaintiff cannot prove the existence of a foreign substance because Ortiz did not see the any substance on the floor after the fall. (Def.'s Mot. Summ. J. 3). Further, Outback argues that Ortiz's and Hills' testimony concerning rags left on a table near where Alfaro fell cannot be used to prove the existence of a hazardous condition. (Def.'s Mot. 2, 3).

To the contrary, Alfaro has presented two witnesses who testified to the presence of a foreign substance on the floor. Hills stated he saw something he could not identify but that appeared to be a film on the floor when Ortiz moved his foot across the area where Alfaro fell. (Ortiz Dep. 52:2-24; Hills Dep. 33:4-16). Though Ortiz testified he did not actually see what was on the floor because his wife was in front of him and the floor was a dark color, he nevertheless

4

specifically related that he felt with his fingers some kind of oily or greasy substance on the floor. (Ortiz Dep. 29:19-30:8, 52:2-55:3). Additionally, Plaintiff herself testified she saw something shiny on the floor after she fell, though she admits she does not know whether it was oil or not because she was confused and injured. (Alfaro Dep. 59:14-20).

Ortiz's testimony is not speculative. He testified to what he felt on the floor, and Defendant's arguments suggesting he should have been able to identify the oil or communicate its presence to Outback employees does not destroy this evidence. Ortiz and Hills felt the floor and directly observed the presence of an oily substance. It matters not at this juncture that these witnesses could not identify the oily substance. For the purpose of establishing a prima facie case, the direct observations of an oily substance in the area where Alfaro fell satisfied Plaintiff's initial burden.

Outback claims that two witnesses support its position that nothing was on the floor, but this is not an exact reflection of the evidence presented to the Court. Henson testified that she inspected the floor and found nothing. (Henson Dep. 23:21-25). Outback has not, however, presented any testimony from Dinges regarding his inspection of the floor. Instead, Outback offers only Andrade's account of what she saw along with her recollection of what Dinges said. (Andrade Dep. 32:9-20, DN 41-4). The Court makes no finding at this time as to whether this testimony is hearsay but raises the issue only to demonstrate that the presence of some substance on the floor in this instance is a question best resolved by a jury.

The cases Defendant cites in support of its motion are inapposite. In *Kendall v. Ralphie's Fun Center*, No. 2016-CA-000981-MR, 2017 WL 5187731 (Ky. App. Nov. 9, 2017), for instance, a patron at a bowling alley slipped and fell while approaching the foul line during a roll. *Id.* at *1. The plaintiff argued summary judgment was improper because she had produced ample

circumstantial evidence to establish the existence of an unsafe condition. *Id.* The Kentucky Court of Appeals disagreed, however, noting that the plaintiff claimed she had seen others fall on the approach that evening but never produced a witness or even an affidavit of her own to confirm that allegation. *Id.* On the other hand, the defendant produced a witness who testified that he saw the plaintiff with both feet across the foul line and into the greased lane at the time of her fall. *Id.* In short, the plaintiff had no evidence beyond her own unsupported speculation, and the defendant provided sworn testimony to the contrary. In the present case, Outback has produced an employee who says she found nothing on the floor, and Plaintiff has produced witnesses whose affirmative testimony indicates there was an oily substance on the floor where Alfaro fell.

Similarly, in *Smith*, a restaurant patron fell on her way to the restroom. *Smith*, 2016 WL 4180002, at *1. The plaintiff left the restaurant without alerting any restaurant employee, filed suit, then stated in her deposition that the floor looked completely normal to her. *Id.* The plaintiff's only explanation for her fall was that "[u]nder the table and before her fall, she felt something 'greasy or sticky' with her shoe. Smith looked under the table when she returned from the restroom, but could not see anything unusual about that 'greasy or sticky' spot." *Id.* (internal citations omitted). The Court found this testimony was not sufficient evidence to stave off summary judgment.

The conjectural evidence in *Smith* contrasts sharply with the facts at bar. In *Smith*, the plaintiff presented no testimony that such a hazardous condition existed, only speculation that some greasy substance was under the table. Here, the combined testimony of Alfaro, Ortiz, and Hills constitutes sufficient evidence for a jury to conclude that there was a substance on the restaurant floor that created an unsafe condition.

This Court cannot weigh the disputed facts before it and must instead "analyze the evidence enough to determine whether there is an issue that 'may reasonably be resolved in favor of either party.'" *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 477 (6th Cir. 2002) (quoting *Anderson*, 477 U.S. at 250). Both parties have presented conflicting testimony, and for the reasons already discussed, Plaintiff's witnesses do not offer such speculative testimony to compel a conclusion that Defendant's witnesses were correct. A reasonable juror could hear the evidence presently before the Court and find in favor of the Plaintiff. Therefore, summary judgment is inappropriate.

### B. Plaintiff's Motion for Leave to File Sur-Reply (DN 42)

Alfaro has also moved to leave to file a sur-reply to Defendant's motion. (Pl.'s Mot. Leave File Sur-Reply 1, DN 16). Neither the Federal Rules of Civil Procedure nor the Court's local rules permit the filing of sur-replies. "As many courts have noted, '[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (citation omitted). Because sur-replies are highly disfavored and it is unnecessary for the Court to consider the tendered sur-reply in ruling on the pending dispositive motion, this motion will be denied.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 34) and Plaintiff's Motion for Leave to File Sur-Reply (DN 42) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
October 31, 2018

cc: counsel of record

7